**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LIBERTY ACCESS TECHNOLOGIES LICENSING LLC, <br><br> Plaintiff, <br><br> v. <br><br> WYNDHAM HOTELS & RESORTS, INC. and WYNDHAM HOTEL GROUP, LLC, <br><br> Defendants. | Case No. 2:24-cv-00125-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY PENDING FINAL RESOLUTION OF OPENKEY'S DECLARATORY JUDGMENT ACTION**

## **TABLE OF CONTENTS**

                                                                                                    **Page**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 2

       A. The Customer Suit Exception Factors Favor Staying This Case ............................ 2

              1. Liberty Cannot Refute That Wyndham Is Merely a "Reseller." .................. 2

              2. Wyndham's Stipulation to Be Bound by the Declaratory Judgment Action as to Infringement Satisfied This Court in *Westport* ........................ 3

              3. OpenKey Is the Only Source of the Essential Functionality ....................... 4

       B. The Traditional Stay Factors Also Confirm Why This Case Should Be Stayed ....................................................................................................................... 4

              1. Liberty Will Not Be Harmed or Unduly Prejudiced by a Stay ................... 4

              2. A Stay Will Simplify the Issues and Promote Judicial Economy ............... 5

              3. This Case Remains in Its Earliest Stages .................................................... 5

III. CONCLUSION .................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Google Inc.*,
  558 F. App'x 988 (Fed. Cir. 2014) ........................................................................................3

*Hawk Tech. Sys., LLC v. Huddle House, Inc.*,
  No. 4:20-cv-184-DMB-JMV, 2021 WL 1738977 (N.D. Miss. May 3, 2021)..........................5

*Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*,
  No. 6:11-cv-234-LED-JDL, 2012 WL 10816848 (E.D. Tex. May 30, 2012)..........................3

*Network Sys. Techs., LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:22-cv-00481-JRG, 2023 WL 7649372 (E.D. Tex. Nov. 14, 2023) ............................4, 5

*Parallel Networks Licensing, LLC v. Superior Turnkey Sols. Grp., Inc.*,
  No. 4:19-cv-516, 2020 WL 2098203 (E.D. Tex. May 1, 2020) ...............................................5

*Westport Fuel Sys. Can., Inc. v. Nissan N. Am., Inc.*,
  No. 2:21-cv-0455-JRG-RSP, 2023 WL 346807 (E.D. Tex. Jan. 20, 2023) .................... *passim*

**I.       INTRODUCTION**

Liberty tries to avoid a stay of this case by making several representations that are not accurate. Liberty argues OpenKey is not the only supplier of the accused technology, but it is; and Liberty argues a jury could find Wyndham liable but OpenKey not liable, but this is not true. A simple review of the infringement contentions confirms that Liberty's infringement theory rises and falls entirely with OpenKey's technology. OpenKey is the true defendant in this case. Wyndham is accused of infringement solely as a customer and user of OpenKey's technology, so all of the factors support a customer stay, and all of the sound policy reasons to stay this case pending the resolution of OpenKey's action in the Eastern District of Virginia apply here.

The recent *Marriott* case, upon which Liberty heavily relies (Dkt. 34, Ex. 1), does not alter this analysis. Unlike the *Marriott* case—a case involving the same patents asserted here but different Accused Products—the underlying manufacturer there was only a partial component provider (just one of three hardware providers), whereas here, OpenKey is the sole provider for Wyndham of the accused infringing components in the Accused Products. And, just like this Court's ruling in *Westport*, Liberty's own infringement theories establish OpenKey as the true interested party here, with Liberty relying exclusively on OpenKey functionality and sources for the essential components. *See Westport Fuel Sys. Can., Inc. v. Nissan N. Am., Inc.*, No. 2:21-cv-0455-JRG-RSP, 2023 WL 346807, *2 (E.D. Tex. Jan. 20, 2023). Liberty attempts to dilute OpenKey's indispensability, pointing to Wyndham's generic mobile app, but, even for those nonessential components, Liberty *still* relies entirely on OpenKey functionality in support of its infringement theory. OpenKey is the true defendant for these patent allegations.

Wyndham is accused in this case merely as a customer of OpenKey. OpenKey's declaratory judgment action in the Eastern District of Virginia will resolve most, if not all, of the issues in this case, and perhaps more. Thus, all of the stay factors support staying this case.

1

## II.     ARGUMENT

### A.     The Customer Suit Exception Factors Favor Staying This Case

#### 1.     Liberty Cannot Refute That Wyndham Is Merely a "Reseller."

Liberty argues that Wyndham is not a "reseller" because the Accused Products incorporate components provided by Wyndham. Dkt. 34, at 8-13. Liberty misses the mark—the components Wyndham provides are nonessential; instead, Liberty's failure to identify *any essential components* of its infringement theories not provided exclusively by OpenKey is dispositive. In fact, Liberty does not dispute that the claim language "pertaining to peripheral mobile device hardware and Wyndham's generic app" is nonessential. Dkt. 32, at 6-7; *see also* Dkt. 34, at 8-13.

Liberty erroneously relies on nonessential limitations, pointing to the Wyndham Mobile App and reservation system. Dkt. 34, at 8-9. But, even for these components, Liberty's infringement theories are directed solely at OpenKey Functionality. In fact, for each of these nonessential limitations, **Liberty exclusively supports its infringement contentions with OpenKey sources and functionality**, a fact Wyndham raised in its motion (Dkt. 32, at 7, 9-10) and that Liberty ignored in opposition (Dkt. 34, at 8-11). For example, Liberty cites only OpenKey sources and functionality for the claim elements "a processor having control of a door lock" (Dkt. 34, Ex. C, at 3-5), "the processor is configured to receive a reservation certificate" (*id*., at 5-11), and "activate the door lock" (*id*., at 11-17). Likewise, Liberty cites only OpenKey sources and functionality for the essential claim elements as well. Dkt. 32, at 7, 9-10. In other words, the Wyndham Mobile App and reservation system components are "not an essential limitation upon which the claimed [] underlying functionality hinges." *Westport*, 2023 WL 346807, at *2.

This Court's ruling in *Westport* is instructional here. In *Westport*, this Court confirmed that the customer is a "mere reseller" where "the infringement contentions rely exclusively on the underlying functionalities of the accused [essential functionality]" provided by the manufacturer,

2

and where "there is no allegation that [the customer] has modified or customized the accused [essential functionality]." *Id.* (referencing *In re Google Inc.*, 558 F. App'x 988 (Fed. Cir. 2014)). Here, just like in *Westport*, Wyndham is a "mere seller"—there is no allegation Wyndham modifies or utilizes the OpenKey Functionality beyond passthrough software (Dkt. 32, at 2), and OpenKey provides the essential components (*Id.*, at 9-10).

Liberty erroneously relies on *Innovative Automation* for the proposition that, when "the products [are] integrated into a system, a ruling of infringement of one defendant did not absolve the remaining defendant who integrated the product into their system" (Dkt. 34, at 10-11), but this Court squarely addressed this integration argument in *Westport*—integration of nonessential components carries little weight. *See Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, No. 6:11-cv-234-LED-JDL, 2012 WL 10816848 (E.D. Tex. May 30, 2012);[1] *Westport*, 2023 WL 346807, *2. Liberty also incorrectly argues that the results here should match the *Marriott* case. Dkt. 34, at 1-2. But *Marriott* is quite different on its facts, involving three manufacturers instead of just one supplier of the accused technology, like here. Dkt. 34, Ex. A at 7-8.

### 2. Wyndham's Stipulation to Be Bound by the Declaratory Judgment Action as to Infringement Satisfied This Court in *Westport*

Liberty argues that Wyndham's "agreement to be bound is not dispositive of all issues," potentially leaving this Court to resolve issues of validity of the Asserted Patents.[2] Dkt. 34, at 12-13. Liberty is not correct, because resolving OpenKey's suit for *both* direct and indirect noninfringement would resolve the major issues here. This Court routinely holds that "resolution

---

[1] Liberty argues that *this* Court "examined the 'reseller' concept at length" in *Innovative Automation* (Dkt. 34, at 10-11), but that decision was not issued by this Court.

[2] Liberty speculates that the Virginia court "lack[s] [ ] jurisdiction over Liberty." Dkt. 34, at 13. This is purely speculative; Liberty faces a burden overcoming *both* specific and general jurisdiction pleadings—Liberty pursued enforcement activities with respect to these patents in that forum and maintains continuous and systematic contacts there as well. Dkt. 32, Ex. 1, ¶¶ 7-11.

3

of each and every issue is not the correct inquiry," but whether a "stay would resolve the major issues concerning the claims." *Network Sys. Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00481-JRG, 2023 WL 7649372, *7 (E.D. Tex. Nov. 14, 2023). And, as this Court found in *Westport*, Wyndham's agreement to "be bound by any decision in the declaratory judgment action as to infringement of the asserted patents" is sufficient. *Westport*, 2023 WL 346807, *1-2; *see also Marriott*, Dkt. 34, Ex. A, at 9 (finding this factor weighed in favor of a stay).

### 3. OpenKey Is the Only Source of the Essential Functionality

Unlike the *Marriott* case, there is no other provider of accused infringing components—OpenKey provides the essential components, and Wyndham provides only some nonessential peripheral components. Dkt. 32, at 7, 9-10; Dkt. 34, Ex. A, at 7-8. Liberty's infringement contentions confirm this; Liberty fails to identify any essential component in its infringement theories that *is not exclusively* provided by OpenKey. Dkt. 32, at 9-10.

## B. The Traditional Stay Factors Also Confirm Why This Case Should Be Stayed

### 1. Liberty Will Not Be Harmed or Unduly Prejudiced by a Stay

Liberty's concern of "spoliation of evidence" from Wyndham (Dkt. 34, at 13-14), inherent in every customer-suit exception, is unavailing. Wyndham is not the primary source of evidence, and ignoring *Westport* entirely, Liberty fails to dispute that "discovery directly from [OpenKey] will . . . yield better evidence because [OpenKey] . . . has greater access to evidence regarding the functionality" than Wyndham. Dkt. 32, at 10-11 (quoting *Westport*, 2023 WL 318466, at *3). Likewise, Liberty does not dispute that "the median time to trial or dispositive outcome" in Virginia is comparable to here, thus a "timely resolution of the major issues is not prevented by a stay of this suit." *Id.* (quoting *Westport*, 2023 WL 318466, at *4).

Nor is *Marriott* persuasive here. This Court emphasized spoliation of evidence in *Marriott* because the manufacturer there was not a true defendant but was instead only one of three suppliers

4

of hardware components (Dkt. 34, Ex. A, at 11-12)—whereas here, OpenKey is the sole provider of the software functionality essential to the infringement contentions.

### 2.    A Stay Will Simplify the Issues and Promote Judicial Economy

Liberty argues that the OpenKey suit will not resolve all issues, but this Court has routinely held that "resolution of all issues is not required." *Network Sys.*, 2023 WL 7649372, at *9; *Westport*, 2023 WL 346807, at *3. Nevertheless, other than invalidity, Liberty does not dispute that the OpenKey suit will resolve direct infringement *and* indirect infringement issues, drastically simplifying these matters for its customer Wyndham and perhaps others, too. *See Network Sys.*, 2023 WL 7649372, at *9; *Westport*, 2023 WL 346807, *3; *see also* Dkt. 32, Ex. 1, ¶¶ 48-52, A-J.[3]

### 3.    This Case Remains in Its Earliest Stages

Liberty does not dispute that this case is "clearly within its infancy," and that "the median time to trial or dispositive outcome in the Eastern District of Virginia is comparable to that in the Eastern District of Texas," thus a "timely resolution of the major issues is not prevented by a stay of this suit." Dkt. 32, at 11-12 (quoting *Westport*, 2023 WL 318466, at *3).

### III.    CONCLUSION

This case presents a textbook customer-suit exception where a stay is the most appropriate and efficient use of resources. Liberty's infringement contentions confirm that the essential accused technology comes from OpenKey, and Wyndham is merely a user. OpenKey's action will resolve the major issues here, and perhaps beyond, so a stay here is warranted under all the factors.

---

[3] Liberty cites *Parallel Networks Licensing, LLC v. Superior Turnkey Sols. Grp., Inc.*, No. 4:19-cv-516, 2020 WL 2098203, at *3 (E.D. Tex. May 1, 2020) for the proposition that a stay for the manufacturer suit "would not resolve the 'major issue' of liability for infringement of method claims." Dkt. 34, at 14-15. But *Parallel Networks* does not apply here because the OpenKey suit will resolve the "major issue" of direct infringement as well. *See* Dkt. 32, Ex. 1, ¶¶ 48-52, A-J; *see also Hawk Tech. Sys., LLC v. Huddle House, Inc.*, No. 4:20-cv-184-DMB-JMV, 2021 WL 1738977, at *2 (N.D. Miss. May 3, 2021) (noting that courts are likely to apply exception when manufacturer accused of both direct and indirect infringement).

Dated:  July 23, 2024			By: */s/ J. Thad Heartfield*
					J. Thad Heartfield
					State Bar No. 09346800
					thad@heartfieldlawfirm.com
					M. Dru Montgomery
					State Bar No. 24010800
					dru@heartfieldlawfirm.com
					**THE HEARTFIELD LAW FIRM**
					2195 Dowlen Road
					Beaumont, Texas 77706
					Telephone: (409) 866-3318
					Facsimile: (409) 866-5789

					David M. Stein
					Texas Bar No. 00797494
					dstein@olsonstein.com
					**OLSON STEIN LLP**
					240 Nice Lane #301
					Newport Beach, CA 92663
					Telephone: (949) 887-4600


					*COUNSEL FOR DEFENDANTS, WYNDHAM HOTELS & RESORTS, INC. and WYNDHAM HOTEL GROUP, LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 23, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ J. Thad Heartfield*
J. Thad Heartfield
