# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIBERTY ACCESS TECHNOLOGIES LICENSING LLC, <br><br> Plaintiff, <br><br> v. <br><br> WYNDHAM HOTELS & RESORTS, INC. and WYNDHAM HOTEL GROUP, LLC, <br><br> Defendants. | Civil Action No. 2:24-cv-00125-JRG <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S SURREPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING FINAL RESOLUTION OF OPENKEY'S DECLARATORY JUDGMENT ACTION [DKT. NO. 32]

Plaintiff Liberty Access Technologies Licensing LLC ("Liberty Access" or "Plaintiff") respectfully submits this surreply memorandum of law in further opposition to the Motion to Stay Pending Final Resolution of OpenKey's Declaratory Judgment Action (Dkt. No. 32, the "Motion") filed by Defendants Wyndham Hotels & Resorts, Inc. and Wyndham Hotel Group, LLC (collectively, "Wyndham" or "Defendants").

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i
TABLE OF AUTHORITIES ......................................................................................... ii
I. INTRODUCTION ................................................................................................ 1
II. ARGUMENT ........................................................................................................ 1
    A. The Customer Suit Exception Does Not Apply Here. ................................... 1
        1. Wyndham Provides Essential Components and Functionalities. ...................... 1
        2. OpenKey is Not a Mere "Reseller." .................................................................. 3
        3. Wyndham's Stipulation to be Bound is Not Dispositive. ................................. 3
    B. The Traditional Stay Factors Weigh Against A Stay. ..................................... 4
        1. Liberty Will Be Harmed By A Stay. .................................................................. 4
        2. A Stay Would Not Simplify the Issues or Promote Judicial Economy. ............ 5
III. CONCLUSION ..................................................................................................... 5
CERTIFICATE OF SERVICE ....................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Citrix Systems, Inc. v. Parallel Networks Licensing, LLC*,
   Case No. 1:19-cv-02005-UNA (D. Del. Oct. 23, 2019) ............................................................... 5

*Corydoras Techs., LLC v. Best Buy Co.*, Case No. 2:19-cv-00304-JRG-RSP,
   2020 U.S. Dist. LEXIS 45578 (E.D. Tex. Mar. 16, 2020) ........................................................... 3

*Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, 6:11-cv-234-LED-JDL,
   2012 U.S. Dist. LEXIS 114503 (E.D. Tex. May 30, 2012) ......................................................... 3

*Parallel Networks Licensing, LLC v. Superior Turnkey Sols. Grp., Inc.*,
   Civil Action No. 4:19-cv-516, 2020 U.S. Dist. LEXIS 76750 (E.D. Tex. May 1, 2020) ............ 5

*Westport Fuel Sys. Can v. Nissan N. Am., Inc.*, Case No. 2:21-cv-0455-JRG-RSP,
   2023 U.S. Dist. LEXIS 10244 (E.D. Tex. Jan. 20, 2023) ....................................................... 3, 4

## I. INTRODUCTION

Wyndham accuses Liberty of "making several representations that are not accurate," Reply[1] at 1, but the only party misconstruing the facts is Wyndham. Particularly, Wyndham would have this Court believe that the accused product is limited to the software provided by OpenKey. That is not true. Rather, the accused product is the combination of that software with Wyndham's platforms, systems and the Wyndham mobile application.[2] That is, Wyndham provides functionalities that are essential to Liberty's claims of infringement.

All of Wyndham's flawed legal positions flow from erroneous idea that Liberty is only accusing the OpenKey software's "off the shelf" functionality of infringement. Once that has been cast aside, as it should be, it is apparent that the customer suit exception is inapplicable in this case and that the traditional stay factors weigh against a stay.

## II. ARGUMENT

### A. The Customer Suit Exception Does Not Apply Here.

#### 1. Wyndham Provides Essential Components and Functionalities.

Wyndham goes beyond simply acting as a conduit through which OpenKey software is passed through to the end user. Rather, Wyndham provides functionalities essential for satisfying the asserted claims through its platforms, systems and the Wyndham mobile application. *See* Liberty's Response in Opposition to Motion to Stay (Dkt. No. 34) (the "Opp.") at 9-10. For

---

[1] Defendants' Reply Brief in Support of Motion to Stay Pending Final Resolution of OpenKey's Declaratory Judgment Action (Dkt. No. 35) (the "Reply").

[2] The accused product here is like the accused product in the *Marriott* case. As the Court noted in *Marriott*, "[t]his is not a scenario where a non-manufacturer (Marriott) is solely representing the interests of the manufacturer (AAGS). Marriott's app in conjunction with [OpenKey]'s device together form the accused instrumentality." *See* Dkt. No. 34-1 (*Marriott* Order) at 6. That reasoning is mirrored here.

example, it is Wyndham itself—***not*** OpenKey—that provides "a secure reservation interface to receive a reservation request from a first device for a reservation at a given destination" (Dkt. 34-4 at 5-6), "a reservation server" (*id.* at 12-13), and "an application installed on the second device to receive the reservation certificate" (*id.* at 19-20).[3] Wyndham repeatedly (and baselessly) claims that these components are "nonessential," but the entire premise of the claims depends on the generation of a reservation certificate to which the request for access can be compared and the existence of a mobile application.[4]

In addition, Wyndham's claim that "Liberty exclusively supports its infringement contentions with OpenKey sources and functionality" is incorrect and misleading. Reply at 2. For example, the essential limitation "a secure reservation interface to receive a reservation request from a first device for a reservation at a given destination" is supported by, among other things, images taken directly from the ***Wyndham*** website. *See* Dkt. No. 34-4 at 6-8. Indeed, images from the Wyndham website are rife throughout the infringement contentions. Moreover, just because certain images are taken from an OpenKey source does not mean they are limited to showing OpenKey functionalities. *See, e.g.,* Dkt. No. 34-5 at 16 (diagram showing Wyndham functionalities and OpenKey functionality limited to two small boxes in mobile key process), 23 (showing distinction between Wyndham and OpenKey functionalities).

---

[3] *See also, e.g.,* Dkt. No. 34-5 at 8 ("an application on a portable terminal"), 10 ("a server to provide a communication setting to the application"), 19-20 ("wherein the application compares the interval of the reservation to a current time accessible to the application to determine if the reservation certificate is current"); Dkt. No. 34-6 at 6 ("a secure reservation interface to receive a reservation request for a reservation at a given destination"), 14 ("a reservation server"), 21 ("a smartphone application"); Dkt. No. 34-7 at 11 ("an application on a portable terminal"), 13 ("a server to provide a communication setting to the application").

[4] Wyndham's offhand dismissal of the *Innovative Automation* case should be disregarded since it relies entirely on the erroneous proposition that Wyndham provides only nonessential components.

### 2. OpenKey is Not a Mere "Reseller."

Wyndham's attempt to fit the square peg of this case into the round hole of the *Westport* case fairs no better. In that case, GM bought fuel injection valves from Bosch, placed them into combustion engines unchanged, then sold the vehicles incorporating the allegedly infringing valves. *Westport Fuel Sys. Can v. Nissan N. Am., Inc.*, Case No. 2:21-cv-0455-JRG-RSP, 2023 U.S. Dist. LEXIS 10244, at *2-3 (E.D. Tex. Jan. 20, 2023). There, "the infringement contentions rely **_exclusively_** on the underlying functionalities of the accused fuel injector, and there is no allegation that GM has modified or customized the accused fuel injector." *Id.* at *6 (emphasis added). Unlike *Westport,* however, this is not a case where Liberty relies exclusively on the functionality of the supplied product (*i.e.*, the OpenKey software) to satisfy the asserted claim limitations. Rather, as described above, Liberty relies on a combination of functionality provided by OpenKey's software and functionalities provided by Wyndham's platforms, systems and the Wyndham mobile application, making this case more like that of *Innovative Automation, LLC v. Audio Video & Video Labs, Inc.*, 6:11-cv-234-LED-JDL, 2012 U.S. Dist. LEXIS 114503 (E.D. Tex. May 30, 2012). *See* Opp. at 10-11. Thus, Wyndham's assertion that it should be treated as a mere "reseller" is simply wrong.

### 3. Wyndham's Stipulation to be Bound is Not Dispositive.

Wyndham asks this Court to ignore the fact that OpenKey Litigation leaves the issue of validity completely unresolved, but doing so would be inappropriate and ignores this Court's own precedent of considering whether invalidity allegations will be addressed in the declaratory judgment action. *See Corydoras Techs., LLC v. Best Buy Co.*, Case No. 2:19-cv-00304-JRG-RSP, 2020 U.S. Dist. LEXIS 45578, at *10 (E.D. Tex. Mar. 16, 2020) ("Given that invalidity is not

addressed in that case, Amazon's declaratory judgment action is even less likely to resolve major issues in the case.").

Contrary to Wyndham's representation, the *Westport* Court did not find that a decision to be bound by an infringement decision in a declaratory judgment action was sufficient when there were also issues of invalidity raised in the customer case. See Reply at 4. In *Westport*, neither party notified the Court that the Bosch declaratory judgment failed to include invalidity claims. *See* 2:21-cv-00455 (E.D. Tex.), Dkt. Nos. 60 and 57. Plaintiff Westport simply never raised that dispositive issue, so the issue was not before the Court. As a result, the Court's decision did not reference invalidity whatsoever. *See Westport*, 2023 U.S. Dist. LEXIS 10244.

### B. The Traditional Stay Factors Weigh Against A Stay.

#### 1. Liberty Will Be Harmed By A Stay.

Once again, Wyndham's reliance on *Westport*—a case where all the evidence relating to the accused product was solely with the manufacturer—is unavailing. Reply at 4. OpenKey will yield evidence only as to OpenKey's software. OpenKey will not be able to produce any evidence relating to, for example, the Wyndham reservation server, Wyndham's reservation interface, or Wyndham's mobile application, all of which are essential components of the accused system. This is exactly the reason the Court in *Marriott* found that this factor weighed against a stay.[5] *See* Dkt. No. 34-1 at 12 ("Marriott itself contains a great deal of relevant evidence that might be lost with the passage of time, as Marriott provides the Marriott Bonvoy app, which figures prominently into the infringement contentions.").

---

[5] Wyndham claims that the *Marriott* Court "emphasized spoilation of evidence . . . because the manufacturer there was not a true defendant but was instead only one of three suppliers of hardware components." Reply at 4-5. However, the fact that there was another supplier of mobile key software had nothing to do with the Court's analysis of this factor, which is quoted in the text above. Wyndham is simply wrong.

### 2. A Stay Would Not Simplify the Issues or Promote Judicial Economy.

Wyndham disregards *Parallel Networks Licensing, LLC v. Superior Turnkey Sols. Grp., Inc.*, Civil Action No. 4:19-cv-516, 2020 U.S. Dist. LEXIS 76750 (E.D. Tex. May 1, 2020), in a footnote, claiming that it does not apply because OpenKey made OpenKey's direct infringement of the Asserted Patents an issue in the OpenKey Litigation. *See* Reply at 5 n. 3. OpenKey's unilateral attempt to garner a stay for Wyndham should not dictate the outcome of this Motion.

Contrary to Wyndham's claim, *Parallel Networks* is instructive. The manufacturer in that case had likewise included the issue of direct infringement in its declaratory judgment complaint. *See Citrix Systems, Inc. v. Parallel Networks Licensing, LLC*, Case No. 1:19-cv-02005-UNA (D. Del. Oct. 23, 2019) (Dkt. No. 1) at ¶¶ 39, 46, 54. In briefing, however, the patent holder made it clear that "Citrix, insofar as it may be considered the 'manufacturer' in this case, is . . . not accused of direct infringement . . . [but] indirect infringement." *Parallel Networks*, 2020 U.S. Dist. LEXIS 76750 at *6-7. Based on that representation, the Court determined that "the central issue between Parallel Networks and Citrix" was really "whether Citrix is liable for indirect infringement," and adjudication of the declaratory judgment action would therefore not fully resolve the issue of the customer's direct infringement. *Id.* at *7-8. Here, like in *Parallel Networks*, the central issue against OpenKey is really indirect infringement. Thus, any adjudication of the OpenKey Litigation would leave unresolved the question of Wyndham's direct infringement, which is achieved through Wyndham's provision of its own platforms, systems and mobile application. Under these circumstances, a stay would not simplify the issues.

### III. CONCLUSION

For all of the reasons set forth above and in the Opposition, the customer-suit exception should be denied and no stay should be entered in this case.

Dated:  July 30, 2024                                   Respectfully submitted,

By: */s/ Jonathan Hardt*

Jonathan Hardt (TX 24039906)
Danielle De La Paz (TX 24130716)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541; (737) 304-8481
Email: hardt@rhmtrial.com
Email: danielle@rhmtrial.com

James F. McDonough, III (GA 117088)
Jonathan R. Miller (GA 507179)
Travis E. Lynch (GA 162373)
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863, - 1862
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

C. Matthew Rozier (CO 46854)
Kristin M. Whidby (VA 91805)
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street NW, 2nd Floor
Washington, District of Columbia 20005
Telephone: (202) 316-1591; (202) 217-0575
Email: matt@rhmtrial.com
Email: kristin@rhmtrial.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF system.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

Dated: July 30, 2024

*/s/ Jonathan Hardt*
Jonathan Hardt